**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1236
_____

STEPHEN AGUIAR,

Appellant

v.

WARDEN M. RECKTENWALD, Warden;  JEFF BUTLER, Associate Warden;
C. BERGEN, Captain; JIM LYONS, Special Investigations Supervisor ('SIS");
Federal Bureau of Prisons; MARGIE COOK, "SIS" Technician, FBOP;
JOHN DOE, Facebook Incorporated

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-02616)
District Judge: Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Stephen Aguiar appeals from an order of the United States District Court for the Middle District of Pennsylvania awarding summary judgment in his § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Aguiar initiated this action in 2013[1] alleging that the Defendants, prison officials at FCI Allenwood and a John Doe employee of Facebook, violated unspecified constitutional rights by deactivating, or facilitating the deactivation of, his Facebook account. Prison investigators discovered that Aguiar was using his sister to update his Facebook account and to send messages to others on his behalf – a violation of Bureau of Prisons policy and of Facebook's terms and conditions. Investigators subsequently requested that Facebook deactivate Aguiar's profile, and his account was promptly disabled.

In a July 28, 2015 Report and Recommendation, the Magistrate Judge recommended that the Court grant the Corrections Defendants' motion for summary judgment, finding that they were entitled to qualified immunity because Aguiar failed to allege the deprivation of a constitutional right. On January 11, 2016, the District Court

---

[1] Aguiar initially filed this action in the United States District Court for the District of Columbia, where he is currently incarcerated. It was subsequently transferred to the Middle District of Pennsylvania.

adopted this Report and Recommendation in full over Aguiar's objections[2] and directed the Clerk to close this case. This timely appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's award of summary judgment, applying the same test the District Court should have utilized – whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). In applying this test, we must accept evidence presented by the non-movant as true and draw all justifiable factual inferences in his favor. Id. We may summarily affirm any decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

Aguiar's claim is premised on the existence of a constitutionally protected interest in the use and maintenance of his Facebook account. Even if he enjoys such an interest, we have no doubt that Defendants' decision to exclude Aguiar from this activity – when his specific use violated BOP policies – was "reasonably related to legitimate penological interests," and thus constitutionally permissible. Turner v. Safley, 482 U.S. 78, 89 (1987).

---

[2] The District Court previously adopted the Report and Recommendation on July 2, 2015, but vacated its order after Aguiar filed a motion to alter the judgment based on his non-receipt of the report.

Turner requires the consideration of four factors in determining the reasonableness of a prison regulation: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;"[3] (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" (4) the availability of other alternatives to effectuate the objective. Id. at 89-90 (internal quotations omitted).

As to the first factor, prison officials facilitated the deactivation of Aguiar's account to prevent him from communicating, through his sister, with unmonitored contacts – a legitimate interest related to the security and order of the facility.[4] Secondly, despite the deactivation of his account, Aguiar still retained traditional methods of communication, including phone calls, postal mail, and prison visitation. As to the third factor, permitting inmates to maintain Facebook accounts through their agents, and to send unmonitored messages through these accounts, would impose a massive burden on prison administrators to keep themselves apprised of inmate

---

[3] In Beard v. Banks, 548 U.S. 521, 532 (2006), the Supreme Court acknowledged the particular importance of the first factor, explaining that in some cases the second, third, and fourth factors can "add little, one way or another, to the first factor's basic logical rationale."

[4] See generally Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (citing Turner) ("[I]n recognition of the acute security problems of modern American prisons, the courts have upheld restrictions on [] communications that would be intolerable if both sender and recipient were free persons."). As the District Court noted, Aguiar could have been communicating with other inmates or gang members.

4

communications.  Finally, no other feasible less restrictive alternative exists – aside from continuously monitoring Aguiar's account – that would allow prison administrators to maintain the security of inmate communications while allowing Aguiar to maintain his account.

Accordingly, we will summarily affirm the decision of the District Court. Aguiar's motion for appointment of counsel is denied.